SANTIA LUGO GUZMÁN, ETC., ET AL., Plaintiffs and Appellees, *v.* CONFESORA SANTIAGO ALBINO and EVARISTO ORENGO ARROYO, ETC., Defendants and the latter Appellant.

No. R–62–108.    Decided March 8, 1963.

*José N. Dapena Laguna, Dennis Martínez, Rodríguez Ema & Rodríguez, Rodolfo Sequeira,* and *Nicolás Jiménez* for appellant.    *William Morales Torres* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

"The community partnership constituted by husband and wife is liable for damages caused by either one of them during the marriage, and this is why both spouses are liable in this case despite the fact that the act which caused the damage was perpetrated by the wife only."    Such is the trial court's conclusion of law which served as basis to exact responsibility from appellant Evaristo Orengo Arroyo, also known as Evaristo Pacheco Orengo, for the criminal act committed by Confesora Santiago Albino, while she was his wife, in taking the life of plaintiffs' predecessor.[1]    In the light of *Rivera* v. *Casiano*, 68 P.R.R. 177, 184 (1948) ; *Rivera* v. *De Martínez*, 70 P.R.R. 456 (1949) ; and the provisions of

---

[1] The complaint does not contain specifically any averment making claim against the community partnership, but it is directed against Confesora Santiago and Evaristo Pacheco individually and prays for some remedy.    From a reading of the record we assume that on the filing date of the action they were already divorced.

§ 1310 of the Civil Code, 31 L.P.R.A. § 3663, such conclusion is clearly erroneous. See *Obermann Widow of Reichard* v. *Court*, certiorari C–62–9, decided April 30, 1962, and IX MANRESA, *Comentarios al Código Civil Español* 623 *et seq.* (5th ed. 1950).

The judgment rendered by the Superior Court, Ponce Part, on March 28, 1962 will be reversed as to appellant Evaristo Orengo Arroyo.

